IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| v. | ) Criminal No. 12-247-01 |
| | ) |
| TERRANCE L. SZYMANSKI, | ) |
| | ) |
| Defendant. | ) |

## **OPINION**

On October 2, 2015, defendant Terrance Szymanski ("defendant"), proceeding pro se, submitted a document to the court which is captioned "Contract to Remit Payments for Court Ordered Restitution." (ECF No. 27 at 1.) It appears that defendant seeks to have an "Authorized Officer of the Court" sign the proffered contract, under which defendant agrees to remit "quarterly restitution payments in the amount of twenty-five dollars" to the court through the Bureau of Prison's ("BOP's") payment system in order to "meet [his] financial obligations as enumerated in the Judgment issued by this Court." (Id.) Defendant attaches to the proposed contract a BOP "Request for Withdrawal of Inmate's Personal Funds" form, dated July 29, 2015, in which he requests that his prison account be charged $25.00, and such funds be paid to the Clerk of Court. (Id. at 2.) Defendant is currently incarcerated in a federal facility in West Virginia.

For the reasons set forth below, the court will not execute the contract submitted by defendant. Defendant is required to develop a financial plan with BOP officials, who maintain responsibility for managing defendant's outstanding financial obligations during his term of incarceration.

I. **Factual Background**

On November 1, 2012, defendant waived his right to indictment and pleaded guilty to five counts of tax evasion, a violation of 26 U.S.C. § 7201. (ECF Nos. 7-9.) Defendant twice pleaded guilty to similar charges in this court, and was sentenced to serve terms of imprisonment of 12 and 36 months. (ECF No. 14 at 9, 11.) In both cases, defendant was ordered to pay a $10,000 fine, which was paid in full, and to serve a term of supervised release of three years, which was terminated early. (Id. at 9, 12.)

In the instant case, this court sentenced defendant to serve a term of imprisonment of 14 months at each count, to consecutively run, for a total term of imprisonment of 70 months. (ECF No. 25 at 2.) This court further imposed a term of supervised release of three years at each count, to concurrently run, a special assessment of $100 at each count, for a total special assessment of $500, and a fine of $6,000. (Id. at 3, 5.) Defendant was not ordered to pay restitution, and the court considers defendant's references to "court ordered restitution" and "restitution payments" in the proposed contract to be inadvertent errors that are intended to refer to the $6,000 fine. The court's March 18, 2013 judgment indicates that the $500 special assessment was immediately due, and that the $6,000 fine was due not later than 15 days after sentencing. (Id. at 6.) The docket reflects that defendant paid the $500 special assessment in full on December 11, 2013. (ECF No. 26.) There is no indication on the docket that the $6,000 fine was paid at that time, or at any other time.

Defendant, in what this court interprets to be an effort to establish an installment payment plan for the outstanding $6,000 fine, submitted a proposed contract to the court, under which he agrees to pay $25, per quarter, to the clerk of court. (ECF No. 27.) In essence, defendant seeks to modify the judgment entered by this court on March 18, 2013, which required

that defendant pay the $6,000 fine, in full, by April 2, 2013, to permit him to pay the fine at the rate of $100, per year while he is incarcerated. Defendant does not indicate how the outstanding balance will be paid upon his release from imprisonment.

This court's March 18, 2013 judgment provides that "payment of criminal monetary penalties is due during imprisonment" and that "[a]ll criminal monetary penalties, except those payments made through the Federal Bureau of Prions' Inmate Financial Responsibility Program, are made to the clerk of the court." (ECF No. 25 at 6.) A condition of defendant's term of supervised release is that he "shall pay any financial penalty that is imposed by this judgment." (Id. at 4.)

## II. Discussion

At sentencing, a court is authorized to provide for payment of a fine immediately, on a date certain, or in installments. 18 U.S.C. § 3572(d). In this case, the court ordered that the fine be paid within 15 days of sentencing, i.e., April 2, 2013. (ECF No. 25 at 6.) The fine has not been paid. Failure to pay a court-ordered fine could place the fine in default, which, upon proper notice, can result in penalties and civil enforcement proceedings against defendant, and any property he may own. 18 U.S.C. §§ 3572(h) and (i) (delinquency and default), 3612 (d) and (e) (notice), (g) (penalty), 3613 (enforcement proceedings). If a defendant is found to be in default on payment of a fine, a court can find him to be in contempt of court, revoke or modify his term of supervised release, or resentence him, including to an additional term of imprisonment. 18 U.S.C. §§ 3613A, 3614. To the court's knowledge, the government has not invoked any of these procedures or provisions in an attempt to collect the unpaid fine.

Although a defendant's efforts to make arrangements to satisfy an outstanding financial obligation are to be encouraged, defendant cannot obtain the relief or assistance that he appears to request from this court. While the government can petition a court, under certain circumstances, to change the date on which the payment of a fine is due, or even to cancel the obligation completely, a defendant does not have that power. 18 U.S.C. § 3573. In this case, the government has not sought such relief. A defendant can seek an adjustment to the payment terms of a fine only if the fine was originally payable in installments and defendant experiences a material change in his economic circumstances.[1] 18 U.S.C. § 3572(d)(3). In this case, the $6,000 fine was due on a date-certain, making this provision unavailable.

As an inmate in a federal prison camp, defendant must work with his unit staff to develop a financial plan to meet his outstanding financial obligations, including court-ordered fines. 28 C.F.R. §§ 545.10-.11. This plan could include defendant's proposal that he be permitted to remit quarterly payments of $25 directly from his BOP account to this court's clerk of court. The authority to decide whether this proposal is acceptable, however, presently rests with defendant's unit staff, and other appropriate BOP personnel, not with the court. Id. Upon release from imprisonment, defendant will serve a term of supervised release, at which time defendant's probation officer will manage his financial obligations. This court, having imposed judgment, retains no authority at this late date in the proceedings to change the payment terms of

---

[1] A defendant, of course, can seek correction of a judgment or, assuming such rights have not been waived, could appeal or collaterally attack imposition of a sentence. FED. R. CRIM. P. 35(a) (14-day deadline); FED. R. APP. P. 4 (14-day deadline); 28 U.S.C. § 2255 (one-year statute of limitations), but see Trader v. United States, 281 F. A'ppx 87, 88 (3d Cir. 2008) (statute "affords relief only to those claiming the right to be released from custody"). Because the deadlines for any such relief have passed, these matters need not be further discussed in this opinion. Although no deadline is set forth in Federal Rule of Criminal Procedure 36, that provision only applies to the correction of clerical mistakes, which is inapplicable under the facts of this case. FED. R. CRIM. P. 36.

the $6,000 fine imposed at sentencing.

**III. <u>Conclusion</u>**

Pursuant to this court's March 18, 2013 judgment, defendant was obligated to pay the $6,000 fine by April 2, 2013. Defendant did not make that payment. Defendant now proposes a contract, to be signed by the court, allowing him to make installment payments on the fine in the amount of $25, per quarter. Defendant identifies no legal authority under which the court could change the terms of the judgment, nearly three years after it was entered, in this manner. The court is aware of no such legal authority. For the reasons stated herein, defendant is not entitled to the relief he seeks.

An appropriate order will be entered contemporaneously with this opinion.


Dated: December 2, 2015                    BY THE COURT,

                                           <u>/s/ *Joy Flowers Conti*</u>
                                           Joy Flowers Conti
                                           Chief United States District Judge