IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| vs. ) | Criminal No. 12-247 |
| ) | |
| TERRANCE L. SZYMANSKI, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM OPINION**

**I.     INTRODUCTION**

Pending before the court is a motion for early termination of supervised release filed by counsel on behalf of defendant Terrance Szymanski ("defendant" or "Szymanski") (ECF No. 50). The government filed a response in opposition (ECF No. 53) and the motion is ripe for decision.

**II.    PROCEDURAL HISTORY**

On November 1, 2012, Szymanski pleaded guilty to five counts of tax evasion, in violation of 26 U.S.C. § 7201, as set forth in counts one through five of the Information at Criminal No. 12-247 (ECF No. 1). On March 18, 2013, the court sentenced defendant to serve a term of imprisonment of 14 months at each count, to consecutively run, for a total term of imprisonment of 70 months (ECF No. 25 at 2). The court further imposed a term of supervised release of three years at each count, to concurrently run, a special assessment of $100 at each count, for a total special assessment of $500, and a fine of $6,000. Szymanski was not ordered to pay restitution. Szymanski was released from prison and began serving his 3-year concurrent terms of supervised release on May 17, 2018.

As set forth in the presentence investigation report ("PSI") (ECF No. 14),

1

Szymanski has numerous prior convictions that resulted in a subtotal criminal history score of 15. Two points were added because he was on supervised release at the time he committed the offenses in this case, for a criminal history score of 17, which placed him in criminal history category VI. *Id*.

Of particular relevance to the pending motion, Szymanski was twice granted early termination of his supervised release. In Criminal No. 93-127, he pleaded guilty to tax evasion and served a term of imprisonment of 12 months. On March 6, 1996, Szymanski's motion for early termination of his supervised release was granted (PSI ¶ 29). In Criminal No. 02-179, Szymanski pleaded guilty to attempting to evade taxes and operating an illegal gambling business. He was sentenced to prison for 36 months. On November 3, 2006, the court granted his motion for early termination of his supervised release (PSI ¶ 31).

### III.     STANDARD

Supervised release "serves an entirely different purpose than the sentence imposed under § 3553(a)," Pepper v. United States, 562 U.S. 476, 502 n. 15 (2011). It "fulfills rehabilitative ends, distinct from those served by incarceration." United States v. Johnson, 529 U.S. 53, 59 (2000). The court's determination whether early termination of supervised release is "warranted by the conduct of the defendant released and the interest of justice," § 3583(e)(1), is a discretionary decision. United States v. Bayard, 537 F. App'x 41, 42 (3d Cir. 2013). The "district court enjoys discretion to consider a wide range of circumstances when determining whether to grant early termination." United States v. Melvin, No. 20-1158, -- F.3d --, 2020 WL 6108619 (3d Cir. Oct. 16, 2020).

Pursuant to the governing statute, 18 U.S.C. § 3583(e):

[t]he court may, after considering the factors set forth in section 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6),

and (a)(7)—

> (1) terminate a term of supervised release and discharge the defendant released at any time after the expiration of one year of supervised release, pursuant to the provisions of the Federal Rules of Criminal Procedure relating to the modification of probation, if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice.

18 U.S.C. § 3583(e)(1). As specified in § 3583(e)(1), in exercising its discretion, the court must consider the following factors:

- the nature and circumstances of the offense and the history and characteristics of the defendant, § 3553(a)(1);

- the need for the sentence imposed to afford adequate deterrence to criminal conduct, protect the public from further crimes of the defendant, and provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner, § 3553(a)(2)(B)-(D);

- the sentencing range established by the Sentencing Commission, § 3553(a)(4);

- any pertinent policy statement issued by the Sentencing Commission, § 3553(a)(5);

- the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct, § 3553(a)(6); and

- the need to provide restitution to any victims of the offense, § 3553(a)(7).

District courts need not make specific findings of fact with respect to each factor; it is sufficient for the court to state that it considered the statutory factors. Melvin, 2020 WL 6108619 at *3.

In Melvin, the court of appeals recently clarified that "a district court need not find that an exceptional, extraordinary, new, or unforeseen circumstance warrants early termination of a term of supervised release before granting a motion under 18 U.S.C. § 3583(e)(1)." Id. at *3. The court explained that the language in United States v. Laine, 404 F. App'x 571, 573-74 (3d Cir. 2010), that "early termination of supervised release under section 3583(e)

3

should occur only when the sentencing judge is satisfied that something exceptional or extraordinary warrants it," is not based on the statute and is not binding precedent. Melvin, 2020 WL 6108619 at *3.

The court explained in Melvin that, although not required, some changed cirmcumstances will generally be important to warrant early termination of supervised release:

> We think that "*[g]enerally*, early termination of supervised release under § 3583(e)(1)" will be proper "only when the sentencing judge is satisfied that new or unforeseen circumstances" warrant it. Davies, 746 F. App'x at 89 (emphasis added) (internal quotation marks omitted). That is because, if a sentence was "sufficient, but not greater than necessary" when first pronounced, 18 U.S.C. § 3553(a), we would expect that something will have changed in the interim that would justify an early end to a term of supervised release. But we disavow any suggestion that new or unforeseen circumstances must be shown.

Id. (emphasis in original).

**IV.   ANALYSIS**

Szymanski does not articulate a particularized reason for seeking early termination of his supervised release. He did not identify any hardship or other restriction posed by his existing conditions of supervision. Szymanski simply asserts that he "demonstrated an excellent adjustment since his incarceration, has good family and community values, and does not pose a threat to his community." (ECF No. 50 at 2).

In opposing early termination, the government clarifies, as an initial matter, that the probation office does not consent to Szymanski's motion; instead, the probation office takes no position. On the merits, the government argues that Szymanski's current compliance with his conditions is a good thing, but is to be expected. The government also points to Szymanski's commission of crimes after his supervised release was terminated early in the past, and argues that the continuation of supervised release is

important to influence Szymanski's continued good conduct.

The court first will consider the pertinent factors set forth in § 3553(a), as instructed in 18 U.S.C. § 3583(e)(1), and then determine whether early termination of defendant's supervised release is warranted by his conduct and in the interest of justice.

### A. § 3553(a) Factors

#### i. *The nature and circumstances of the offense and the history and characteristics of the defendant, § 3553(a)(1).*

Szymanski was convicted of five felony tax evasion charges in this criminal case. He has a lengthy history of criminal offenses, including numerous prior tax crimes, and his criminal history category is VI. He committed additional crimes after being granted early termination of his supervision in 1996 and 2006.

Szymanski's supervision in Crim. No. 93-197 was truncated from September 14, 1997 to March 6, 1996. In Crim. No. 02-179, he pleaded guilty to attempt to evade or defeat taxes and operating an illegal gambling business, including conduct involving tax years 1996 and 1997 (when he would have been on supervision but for the early termination). Szymanski's supervision in Crim. No. 02-179 was truncated from August 10, 2008 to November 3, 2006. His criminal conduct in this case (Crim. No. 12-247) included conduct involving tax years 2006, 2007 and 2008 (when he would have been on supervision but for the early termination). *See* PSI at 5, 9, 11, 12.

Szymanski is commended for his current compliance with the conditions of supervision. This factor nevertheless weighs strongly against early termination of supervision.

5

> ## ii. *The need for the sentence imposed to afford adequate deterrence to criminal conduct and protect the public from further crimes of the defendant, and provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner§§ 3553(a)(2)(B)-(D).*

The continuation of supervision affords deterrence to future criminal conduct and protects the public from further crimes by defendant. This factor weighs against an early termination of supervised release.

> ## iii. *The sentencing range established by the Sentencing Commission, § 3553(a)(4).*

Szymanski pleaded guilty to five felonies and his terms of imprisonment were imposed to consecutively run. His terms of supervised release on each count, however, were concurrent, as provided by the sentencing commission. Szymanski has approximately 8 months left on each of his 3-year concurrent terms of supervision. A lesser term of supervision is not warranted, based on Szymanski's extensive criminal history. The court determines that this factor weighs against early termination of his supervised release.

> ## iv. *Any pertinent policy statement issued by the Sentencing Commission, § 3553(a)(5).*

Neither party cited to any applicable policy statement for the court to consider in deciding the pending motion.

> ## v. *The need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct, § 3553(a)(6).*

There is no evidence of a need for early termination of Szymanski's supervised release to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct.

> ## vi. *The need to provide restitution to any victims of the offense, §*

6

*3553(a)(7).*

Restitution is not at issue in this case.

### B. Whether early termination is warranted and in the interest of justice

In support of his motion, Szymanski asserts that he has demonstrated an excellent adjustment while on supervision. While admirable, compliance with the conditions of supervision is required. Indeed, particularly given Szymanski's history of new criminal conduct after the early termination of supervision, the fact that he is now in compliance may very well mean that supervision is serving its deterrent and rehabilitative purposes and continuation of supervision to full term will achieve its desired effects on the supervised individual and community. Although a defendant need not show extraordinary or exceptional new circumstances, the mere compliance with Szymanski's conditions of supervision does not persuade the court to grant an early termination of supervised release. If there are particular conditions of supervision that impact Szymanski's ability to perform specific tasks, the proper remedy is to ask the probation officer and the court to modify those conditions.

Considering the relevant factors, and the basis urged for early termination of supervision, the court finds that early termination is not warranted and is not in the interest of justice in this case. The court commends Szymanski's compliance with the conditions of his supervised release. Although laudable, these actions are expected and indeed required while he is on supervised release. The minimal burden to complete the remaining term of supervised release to which he was sentenced does not outweigh the § 3553(a) factors already considered. The denial of the motion is without prejudice to defendant's ability to file a new motion and to bring additional information to the court's attention.

## V.     CONCLUSION

Based upon the foregoing, the court will deny without prejudice the motion for early termination of supervised release (ECF No. 50). If circumstances change and there is a basis for early termination of the term of supervised release, Szymanski may file a new motion.

An appropriate order follows.

Dated: November 5, 2020        BY THE COURT:

/s/ Joy Flowers Conti
Joy Flowers Conti
Senior United States District Judge